

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 02-09-00364-CR
### 02-09-00365-CR
### 02-09-00366-CR

DARRYON M. THOMAS                                         APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Darryon M. Thomas was indicted on five counts of aggravated robbery in trial court cause number 1156022D (appellate cause number 02-09-00364-CR), five counts of aggravated robbery in trial court cause number 1102916D (appellate cause number 02-09-00365-CR), and one count of aggravated robbery in trial court cause number 1103886D (appellate cause

---

[1]See Tex. R. App. P. 47.4.

number 02-09-00366-CR).  He made open pleas of guilty in each case and asked the trial court to assess punishment.  The trial court found him guilty and assessed forty-five years' confinement in each case, to be served concurrently.

Thomas's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave Thomas an opportunity to file a pro se brief, and he has done so, arguing that he received ineffective assistance of counsel because he could have had fifteen years' confinement if his lawyer had not taken advantage of his youth and ignorance "about the system."  Specifically, he appears to attack the voluntariness of his pleas.[2]  The State declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may

---

[2]Thomas complains that his attorney "talked [him] into doing an open plea" because his attorney allegedly told him that the trial judge owed him a favor "for things he did for her under the table."  Nothing in the record supports this allegation.

we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Because Thomas entered open pleas of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Thomas's pleas, error that is not independent of and supports the judgments of guilt, and error occurring after entry of the guilty pleas. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, counsel's brief, and Thomas's ineffective assistance of counsel claim. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

---

[3]We find nothing in the record to support Thomas's allegation of ineffective assistance that would render his plea involuntary—particularly in light of the written plea admonishments that he received in each case, as well as the trial court's oral admonishments at the plea hearing—and we note that ineffective assistance claims are usually best addressed by a postconviction writ of habeas corpus. *See Thompson v. State*, 9 S.W.3d 808, 814 & n.6 (Tex. Crim. App. 1999); *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim. App. 1997).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 14, 2010